MERRITT, Circuit Judge,
dissenting.
DISSENT
I am not as convinced as my colleagues that there was no “prejudice” as a result of the death of two of Sylvester’s potential witnesses during the inordinate delay caused by the eight superseding indictments. Apparently, one of the witnesses, Sylvester’s grandfather, would have testified that there was art innocent explanation for Sylvester’s possession of cash at the time of his arrest. The other witness would have testified that the weapon was given to Sylvester as collateral for money the witness owed him. The prosecutor during final argument called this claim simply a “cockamamie story.” The prosecutor used the absent witnesses as a further basis for conviction instead of a basis for acquittal if the jury believed the witnesses’ testimony.
The Supreme Court has said that we should be more open to claims of “prejudice,” warning that “[i]f witnesses die or disappear during a delay, the prejudice is obvious.” This statement appears in a Supreme Court opinion in Barker v. Wingo, 407 U.S. 514, 532, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), in which the Court said:
Prejudice, of course, should be assessed in light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and ' (iii) to limit' the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious.
Id. (emphasis added).
Hence, instead of dismissing the case, I would remand this ease to the district court with instructions to consider that the element of “prejudice” has been established and the court should, reconsider the remedy in the case.